[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION Motion for Contempt #162
On May 6, 2002 the plaintiff filed the above motion alleging the defendant failed to timely pay child support, daycare contributions, and alimony. On July 18, 2002 the court made a finding of contempt[1], by agreement. The plaintiff appears pro se; the defendant is represented by counsel. Also by agreement, daycare, alimony and child support arrears were established at $835; $3019; and $2146, respectively, as of July 18, 2002. The defendant was ordered to pay his weekly alimony and current child support. The matter was continued to September 5, 2002 to monitor compliance with the court's order to pay weekly and for the court to hear both the defendant's motion to modify and the parties' proposals regarding payment of the stipulated July 18, 2002 arrears. It was also contemplated that the defendant's pending social security disability application would be acted upon, in that time frame. On September 5, 2002 the matter was continued, by agreement, without a hearing. On December 20, 2002 a full hearing on these two motions was held.
After September 5, 2002 and prior to December 20, 2002, the plaintiff wife received, on behalf of the minor child, a federal government check for $5971, representing social security disability dependency benefits for the period April 2002 to October 2002. At the hearing, she testified that she was in agreement with the defendant's position that he should receive credit against his child support and daycare arrearage obligation for the social security dependency benefits received by the minor child. Thus, it is the court's finding that the child support and day care arrears compromised at $2146 and $835, respectively, on July 18, 2002 are fully paid by receipt of the dependency lump sum. It is the court's position that none of the $5971 can represent a payment by the defendant toward his $3019 alimony arrears. Public policy concerns would mandate that amounts identified by the federal government as child dependency benefits cannot be recharacterized, by agreement or otherwise, as covering marital alimony. Thus, the plaintiff wife is owed $3019 in CT Page 165 alimony arrears, pursuant to the defendant's stipulation on July 18, 2002 that he is in contempt in that amount on that issue. In addition, the defendant has failed to pay any alimony from July 18, 2002 to the present date, thus the defendant has failed to purge himself of the alimony contempt.
Motion to Modify #160
On April 30, 2002, defendant filed the above motion to decrease child support and alimony. Both parties were present at the hearing on May 20, 2002 where the matter was continued and the court (Graziani, J.) stated that the final modification order could be retroactive.
A. Alimony Modification
At the hearing on July 18, 2002, the defendant, represented by counsel, agreed to an alimony arrearage through that date, of $3019. Thus any retroactive weekly alimony modification will be effective July 18, 2002. Effective July 18, 2002 the court finds a substantial change in circumstances meriting a reduction in defendant's alimony obligation. Defendant's net income has been reduced by 39% therefore it is appropriate to similarly reduce the alimony obligation to $61 per week.
B. Child Support Modification.
Social security dependency benefits are currently being paid directly to the parties' remaining[2] minor child pursuant to the Social Security Act,[3] because of the defendant's disability. Dependency benefits are paid to the dependent child as a replacement for parents lost income. At the hearing of December 20. 2002, the parties agreed that the defendant's child support obligation should be modified to equal the amount of the social security dependency benefit received by their minor child. In that said dependency benefit is equal to or greater than the child support amount, the court will accept that agreement, without the receipt of a child support guideline calculation.[4]
Orders
The weekly alimony owed by the defendant for July 18, 2002 to date is $61.00. The court finds an arrearage, for the period July 19, 2002 to January 14, 2003, 25 weeks, to be $1525. Thus, defendant is ordered to pay the plaintiff a lump sum of $4544 ($3019 plus $1525) on or before January 15, 2003. A compliance date of January 27, 2003 is set down to monitor that payment, excusable by the clerk's office if defendant has made full payment. A further compliance date of March 17, 2002 is CT Page 166 scheduled, to monitor defendant's strict weekly compliance with the $61 weekly alimony order. That date is also excusable by the clerk's office if defendant is in compliance.
 ___________________, J. Alvord